| | |
|---|---|
| PAUL M. MASON,<br><br>   Plaintiff,<br><br> v.<br><br>DR. TOOR, et.al.,<br><br>   Defendants. | Case No. 1:19-cv-00021-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 1] |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Paul M. Mason is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed January 7, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On November 26, 2018, Plaintiff began being treated by Dr. K. Toor for multiple issues, including seizure disorder, asthma, chronic shoulder/back pain, and degenerative disk disease. Dr. Toor told Plaintiff, "I'm not increasing Gabapentin to 900 3x day, I'm cutting you off, then your pain will really start." Plaintiff asked for stronger pain medication besides Ibuprofen, Tylenol, and Naproxen. Gabapentin is for seizures/tremors. It is hard for Plaintiff to walk to chow, shower, or even stand for a period.

Plaintiff advised Dr. Toor of his problems and his need to be transferred to a medical facility. On the first visit, Dr. Toor acknowledged that Plaintiff should be transferred to a medical facility, but then retracted his statement. Dr. Toor advised Plaintiff that Valley State Prison does Gabapentin or narcotic pain medication. When Plaintiff told Drs. Toor and Longia about his inability to perform

basic daily tasks and continued tremors, Dr. Toor stated "You can walk and tremors are not full seizures." Dr. H. Longia is Dr. Toor's supervisor and is aware of the issue yet refuses to help Plaintiff. Without proper pain medication and seizure medications, Plaintiff's pain is worse and he suffers tremors.

With respect to exhaustion of the administrative remedies, Plaintiff indicates that his appeal is "pending" at the highest level of review, but he is in need of immediate injunctive relief for medication and surgery.

### III.

### DISCUSSION

**A.      Exhaustion of Administrative Remedies**

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the CCR. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate

. . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the final level of administrative review. Id.

Here, Plaintiff has affirmatively alleged that his administrative appeal is still pending review. Therefore, Plaintiff's failure to exhaust his administrative remedies prior to filing suit is clear from the face of the complaint. Based on Plaintiff's concession of nonexhaustion, this action must be dismissed, without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199). This result is the same even though Plaintiff indicates that he is seeking emergency relief for medication and surgery. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Further, although the Court would typically grant Plaintiff leave to amend due to his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Accordingly, this action must be dismissed, without prejudice, for failure to exhaust the administrative remedies.

## V.

## ORDER AND RECOMMENDATION

The Clerk of the Court is directed to randomly assign a District Judge to this action.

For the reasons explained, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

4

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2019**

UNITED STATES MAGISTRATE JUDGE